# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CARISSA CHAMBERS,**

    **Plaintiff,**

**vs.**                                   **CASE NO: 4:22-CV-00261-WS-MAF**

**THE FLORIDA BAR,**
**et al.**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff, Carissa Chambers, initiated this civil action alleging the Defendants violated federal criminal statutes causing her "emotional trauma." ECF No. 1. The Complaint has been screened and is liberally construed as a civil rights action pursuant to 42 U.S.C. § 1983. Although Chambers paid the $402 filing fee, it is patently obvious that she cannot prevail on the facts alleged. Allowing Chambers an opportunity to amend her complaint would be futile because she lacks standing and the statute of limitations has passed. For the reasons stated below, this case should be dismissed with prejudice.

## I.   Chambers' Complaint, ECF No. 1.

Chambers sues four defendants in this case: The Florida Bar; William N. Meggs, a former state attorney in Leon County; John Emmett Campbell (also known as "Jack" Campbell), an assistant state attorney; and Gregory James Cummings, a retired criminal defense attorney. ECF No. 1, p. 2. Chambers' complaint is no model of clarity. As best can be determined, the instant case stems from the 2011 criminal prosecution of Chambers' then-seventeen-year-old son, DeShon Thomas, for double homicide. Id., pp. 7-9.

Chambers seems to suggest that the prosecutor in the case, Campbell, was not authorized to handle criminal cases because, in 2006, Meggs informed the clerk of the court Campbell's appointment as an assistant state attorney was being revoked. Id., p. 6. According to Chambers, Campbell "was never re-appointed or swore . . . an oath"; yet, he "continued to work as an assistant state attorney using the name "Jack." Id. Chambers wrote to Meggs seeking Campbell's removal as an assistant state attorney, but Meggs did not respond to her. Id., pp. 6-7.

Chambers hired Greg Cummings to represent Thomas. Id. Beginning in March 12, 2011, through July 17, 2012, Cummings struggled to build a defense and blamed the prosecution for problems with the case. Id., p. 9. Chambers continued to pay Cummings but maintains he never built a proper

defense. Id. Chambers directed Cummings to report Campbell to the Florida Bar, but he refused. Eventually, Chambers and her son fired Cummings. Id.

In 2013, Chambers filed a Florida Bar complaint against Campbell (the state prosecutor) alleging violation of the Rules of Professional Conduct. Maura Canter responded that the allegations did not constitute a violation and did not fall within the purview of the grievance system framework. Id., p. 5. The record was then closed. Id. Aside from this fact, there are no allegations against the Florida Bar.

Chambers argues that all of these events deprived her of the right to "purpose in lawful business." Id., pp. 5-9. She also believes that Defendants violated several federal criminal states:

    18 U.S.C. § 1341 – "Fraud and swindles"

    18 U.S.C. § 1342 – "Fictitious name and address"

    18 U.S.C. § 1343 – "Fraud by wire, radio, or television"

    18 U.S.C. § 1346 – "Definition of artifice to defraud . . . scheme . . . "

Id., p. 3. As a result of the alleged events, Chambers suffered emotional trauma that is "immeasurable." Id., p. 4. She does not seek any specified damages. Id.

## II. Applicable Law & Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a Plaintiff is proceeding *in forma pauperis*, and "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that— . . . the action . . . fails to state a claim on which relief may be granted." "The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal is appropriate here.

### A. All Claims are Barred by the Statute of Limitations

The statute of limitations period for tort and constitutional claims arising in Florida is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3)(j). Federal courts must apply state law in determining the statute of limitations applicable to a Section 1983 action. "[T]he limitations period begins to run when the 'facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.'" Heard v. Publix Supermarkets, Inc., 808 F. App'x 904, 907 (11th Cir. 2020) (citing Fla. Stat. § 95.031(2)(a) (2019)).

Here, Plaintiff's claims arise from her son's criminal prosecution eleven years ago and her failed bar complaint against Campbell two years later.

Because Plaintiff's claims are clearly time-barred, the complaint fails and should be **DISMISSED** with prejudice. See Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008) (affirming the district court's *sua sponte* dismissal of a 1983 action where the claims were barred by the statute of limitations and before defendants were served); see also Gomez v. Cal., 702 F. App'x 872, 874 (11th Cir. 2017) (affirming dismissal of 42 U.S.C. § 1983 claims as time-barred). There are some circumstances where Florida's statute of limitations may be tolled: "defendant's absence from the state, a defendant's use of a false name or concealment so that she or he cannot be served, the plaintiff's adjudicated incapacity before the cause of action accrued, pending arbitration proceedings, or the plaintiff's adjudicated incapacity during any time period in which he does not have a guardian ad litem capable of representing him." Heard, 808 F. App'x at 907 (citing Fla. Stat. § 95.051(1) (2019)). But Chambers does not suggest in the complaint that any of these exceptions apply to her. Even if Chambers were provided an opportunity to amend to assert that she was entitled to equitable tolling, it remains futile for her to amend.

Under Fed. R. Civ. P. 15, a plaintiff is generally permitted to amend his complaint as a matter of course; however, the Court may dismiss the claims where an amendment would prove futile. "Futility of amendment is also a

proper reason for denying a motion for leave to amend" under Rules 15(a) and 16(b). Alexander v. AOL Time Warner, Inc., 132 F. App'x 267, 268 (11th Cir. 2005).

   B. Chambers Does Not Have Standing to Litigate Criminal Allegations

Chambers relies on several criminal statutes relating to the commission of fraud. Nonetheless, the statutes upon which Chambers relies are designed for the protection of the public; and no language in them creates a private right of action. Her reliance on the criminal statutes to create a private right of action is misplaced. See Linda R.S. v. Richard C., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Love v. Delta Air Lines, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (stating "[c]riminal statutes generally do not provide a private cause of action"). More importantly, the decision to prosecute generally rests entirely in the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). For these reasons, Chambers' criminal allegations should be dismissed for lack of standing.

   C. The Defendants are Not State Actors

"To establish a claim under [Section] 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was

committed by a person acting under color of state law." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). The claims against the Defendants necessarily fail. A criminal defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981). Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Although the Florida Bar is a "state agency" for Eleventh Amendment purposes, there is no claim that the Florida Bar was acting to assist the prosecution. See Kaimowitz v. The Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993). Still, the statute of limitations would bar the claim.

D. The Claims Against the Attorneys for Malicious Prosecution and Ineffective Assistance of Counsel are Barred by Heck v. Humphrey.

The Court is not unsympathetic to Chambers who was, understandably, distraught over her son's conviction. But even if Chambers' complaint could be so liberally construed as challenging the validity of her son's conviction because of malicious prosecution or the ineffective assistance of counsel, her claims would still fail. First, Chambers has no standing challenge the constitutionality of a criminal conviction that is not her own. It is well settled that a non-attorney cannot represent the interests of

another individual in litigation. Guardo v. Luna, 432 F.2d 1324 (5th Cir. 1970) ("There is no constitutional guarantee that non-attorneys may represent other people in litigation.").[1]

Second, even if the complaint were amended to substitute Thomas as the plaintiff in the case, it would necessarily fail. Thomas' claims are not cognizable in a Section 1983 action. A prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). The most obvious example of an action barred by Heck is one in which the plaintiff seeks relief directly attributable to conviction or confinement.

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[1] The Eleventh Circuit is bound by Fifth Circuit law in cases before October 1, 1981. Bonner v. City of Prichard, Alabama, 661 F.2d 1206 (11th Cir. 1981).

Case No.: 4:22-CV-00261-WS-MAF

determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. <u>Heck</u>, 512 U.S. at 487. DeShon Thomas is currently incarcerated at Cross City Correctional Institution where he is serving a life sentence for first degree murder. His conviction remains intact.[2] A finding that the prosecutor was in some way not authorized to try the case would necessarily undermine the conviction.

For the reasons stated, there is no way Chambers could amend her allegations to cure the defects in her complaint.

## III.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the complaint, ECF No. 1, be **DISMISSED** with prejudice as because the claims are untimely; and it is otherwise futile for Chambers to amend her complaint.

IN CHAMBERS at Tallahassee, Florida, on July 25, 2022.

s/ Martin A. Fitzpatrick<br>
**MARTIN A. FITZPATRICK**<br>
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the Florida Department of Corrections' Corrections Offender Network, which indicates that Thomas remains incarcerated. http://www.dc.state.fl.us/OffenderSearch/Search.aspx?TypeSearch=AI. Accessed 7/25/2022.

The Court also takes judicial notice of the Leon County Case No. 2011-CF-441. In 2014, a jury found Thomas guilty of two counts of first-degree murder. He was sentenced to two concurrent life sentences. The court records are accessible at the following URL: https://cvweb.leonclerk.com/public/online_services/search_courts/search_by_name.asp Accessed 7/25/2022.

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).